## SOUTH TEXAS COMMERCIAL NAT. BANK OF HOUSTON v. COMMISSIONER OF INTERNAL REVENUE.

No. 11902.

Circuit Court of Appeals, Fifth Circuit.

June 25, 1947.

Homer L. Bruce, of Houston, Tex., for petitioner.

Sewall Key, Acting Asst. Atty. Gen., Helen Goodner, Robert N. Anderson and Carlton Fox, Sp. Assts. to the Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

The petition for review in this case involves deficiencies in income taxes for the years 1940, 1941, and 1942, and a deficiency in excess profits taxes for the year 1941. The question for decision is whether the so-called pension trust, to which the taxpayer (a national bank) made transfers in the taxable years, was an exempt trust within the meaning of Section 165 of the Internal Revenue Code, 26 U.S.C.A.Int. Rev.Code, § 165, with the result that the taxpayer may deduct under Section 23(p) of the Code percentages of the amounts transferred.[1] The Tax Court held that it was not, finding the facts as follows:

On January 9, 1940, the taxpayer established a trust, designating itself as trustee, in an instrument executed by itself, wherein it was provided that the trust estate should consist of the sum of $85,000 but that the trustor in the future might make further contributions to it, without being under any obligations so to do. The trustee was authorized, out of the income or corpus of the trust estate, to pay pensions to its officers and employees "in such amounts and at such times as the trustee in its absolute, uncontrolled discretion might determine."

No beneficiary of the trust made any contribution to the fund, nor did any such beneficiary have any contractual or legal rights in the fund whatsoever. The trust

---

[1] This case is controlled by Sections 23 (p) and 165 of the Internal Revenue Code as they existed prior to amendment by the Revenue Act of 1942.

was declared to be irrevocable, to continue until final distribution of the entire fund, and in the event of dissolution of the trustor, the trustee was directed to liquidate the corpus of the trust among the beneficiaries "in whatever amounts and to whatever individuals the trustee chose to extend its bounty."

The trustor reserved the right to amend the trust agreement in any manner considered desirable for a more efficient accomplishment of its purposes, with the sole limitation that no part of the trust estate could be diverted to any other purpose. When the trust was created, the agreement was printed in pamphlet form and copies distributed to the employees. Thereafter no communication relative to it was made by the bank to its employees. If new employees were informed of the pension plan, it was not done officially by the trustor or trustee. Additions to the trust fund were made by the bank, and deductions from its income also made, during the tax years in controversy.

No standards whatever were established to determine eligibility for pensions. There was not even a provision that needy employees were eligible. The taxpayer retained complete freedom to choose the particular employees for whom it especially desired to make pecuniary provision. It created a fund for the disbursement of money to its officers and employees in accordance with its future discretion. The trustor was not required to pay any retired employee any amount, but if any sum was paid, it had to be not less than $25 and not over $250 per month. Otherwise, the distributions by the trustee to employees were subject only to the control of the trustor, who in fact was the trustee; the employees were given no vested interest in the trust estate either as individuals or as members of a class.[2]

We agree with the Tax Court that the petitioner did not establish a reasonable pension plan and was not entitled to the deductions. On who claims a deduction for tax purposes must bring himself within the precise terms of the statutory provision permitting the deduction.[3] The decision of the Tax Court is affirmed.

---

[2] The chairman of the board of directors of the trustor-trustee bank testified that the trust agreement was intentionally drawn so that the employees would have no financial interest in the fund and that the bank could not be sued by any of its employees. R. 36.

[3] Burnet v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L.Ed. 991; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348; Deputy v. Du Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416.